IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| CORSAIR SPECIAL SITUATIONS FUND, L.P., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-06-2081 |
| ENGINEERED FRAMING SYSTEMS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Corsair Special Situations Fund, L.P. ("Corsair"), has sued Engineered Framing Systems, Inc. ("EFS"), John J. Hildreth, and Marie Noelle Hildreth for breach of contract of loan and guaranty agreements and replevin of collateral. Pending is intervenor-defendant AJD Construction, Inc.'s ("AJD"), motion to dismiss. For the following reasons, the motion will be granted.

I.  Background

Corsair filed its Complaint on August 10, 2006, claiming: (Count I) EFS's breach of contract for defaulting under its loan agreement with Corsair; (Counts II and III) Mr. and Mrs. Hildreth's breach of contract for their refusal to perform EFS's obligations under their guaranty of the loan agreement; and (Count IV) replevin of the loan collateral under Corsair's

1

security agreement with EFS.

In Count IV, Corsair requested a show-cause hearing on the issuance of a writ of replevin for the immediate seizure and delivery of the collateral.  On August 11, this Court issued the order for EFS to show cause on August 15.

AJD claims an interest as a buyer in the ordinary course of business in certain steel panels and joists fabricated by EFS (the "Steel Panels") that are being installed in AJD's "Block 99" apartment building project, which is nearing completion in Hoboken, New Jersey.  These Steel Panels were listed as inventory collateral in Corsair's request for the writ, so AJD sought to intervene.  On August 15, the Court granted AJD's motion "to intervene as an additional defendant as to Count IV (Replevin) of the Complaint" (Paper No. 7), and further ordered "that Plaintiff shall serve on AJD Construction, Inc. an Amended Complaint reflecting AJD Construction, Inc.'s addition as a party to this case."  Paper No. 11.

On September 11, Corsair filed a notice "withdraw[ing] its request for an immediate issuance of a Writ of Replevin . . . without prejudice" (Paper No. 39), and the Court canceled continuation of the hearing on the subject of the writ (Paper No. 40).

As of December 7, AJD has not been served with an amended complaint by Corsair; pending is AJD's motion to dimiss.

II.  Discussion

A.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Lab's, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

B. Analysis

Corsair argues that AJD has not met the burden for dismissal under 12(b)(6) because it has become "subject to a complete adjudication" of Count IV and has failed to argue that Corsair's allegations fail to state a claim for replevin.

The Court granted AJD's motion to intervene for the limited purpose of defending its interest in the Steel Panels from the imminent threat of seizure under the pending writ of replevin. By granting AJD's motion to intervene, the Court did not intend to rewrite Corsair's Complaint to make AJD a defendant to Count IV, and Corsair has yet to amend its Complaint to state a claim against AJD.  Thus the Complaint fails to state a claim against

3

AJD, and so AJD will be dismissed as a party to this case.

AJD seeks to be dismissed "with prejudice as to any claim for equitable or legal relief arising from AJD's possession and use of materials supplied by EFS and being used at the Block 99 building site." Mot. to Dismiss 2.

As Corsair has withdrawn its request for a writ of replevin, AJD's alleged property interest in the Steel Panels is no longer in imminent jeopardy; however, Corsair did not waive its right to replevin the Steel Panels should discovery disclose that AJD is not a buyer in the ordinary course of business. The court has made no determination on the merits of any claim against AJD.

Thus, to preserve any rights reserved by Corsair, AJD will be dismissed without prejudice to any of Corsair's claims arising in this case.

III. Conclusion

For the reasons stated above, AJD's motion will be granted without prejudice.

<u>December 7, 2006</u>               <u>        /s/              </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge