IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| CORSAIR SPECIAL SITUATIONS FUND, L.P., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-06-2081 |
| ENGINEERED FRAMING SYSTEMS, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Corsair Special Situations Fund, L.P. ("Corsair"), has sued Engineered Framing Systems, Inc. ("EFS"), John J. Hildreth, and Marie Noelle Hildreth for breach of contract of loan and guaranty agreements and replevin of collateral.  Pending is Corsair's unopposed motion for leave to amend its Complaint to include a cause of action against AJD Construction, Inc.("AJD").  For the following reasons, the motion will be granted.


I.  Background

A.  Procedural History

Corsair filed its Complaint on August 10, 2006, claiming: (Count I) EFS's breach of contract for defaulting under its loan agreement with Corsair; (Counts II and III) Mr. and Mrs. Hildreth's breach of contract for their refusal to perform EFS's obligations under their guaranty of the loan agreement; and

(Count IV) replevin of the loan collateral under Corsair's security agreement with EFS.

In Count IV, Corsair requested a show-cause hearing on the issuance of a writ of replevin for the immediate seizure and delivery of the collateral.  On August 11, this Court issued the order for EFS to show cause on August 15.

AJD claims an interest as a buyer in the ordinary course of business in certain steel panels and joists fabricated by EFS (the "Steel Panels") that are being installed in AJD's "Block 99" apartment building project, which is nearing completion in Hoboken, New Jersey.  These Steel Panels were listed as inventory collateral in Corsair's request for the writ, so AJD sought to intervene.  On August 15, the Court granted AJD's motion to intervene as an additional defendant as to Count IV, and further ordered Corsair to amend its Complaint to reflect AJD's addition as a party to the case.  Paper No. 11.

On September 11, Corsair withdrew its request for an immediate issuance of a writ of replevin, and the Court canceled continuation of the hearing on the subject of the writ.  Papers No. 39, 40.

On September 28, AJD moved to be dismissed from the case. Paper No. 46.  On December 7, 2006, for the reasons stated in the accompanying Memorandum Opinion, the Court granted AJD's motion to dismiss without prejudice to any of Corsair's claims arising from this case.

B.  Discovery

On September 28, 2006, Corsair served AJD with discovery requests for information regarding AJD's dealings with EFS, including data on any accounts receivable owed by AJD to EFS. Pl.'s Mem. in Supp. of its Mot. for Leave to Amend ("Pl.'s Mem.") 2.

Corsair alleges that, upon review of the material produced by AJD in response, it has discovered that AJD violated Uniform Commercial Code ("U.C.C.") § 9-406(a)[1] by continuing direct payments to EFS after receiving notification of Corsair's priority interest in EFS's accounts receivable and directions to make payments due to EFS directly to Corsair.  *Id*. at 3.  Under § 9-406(a), AJD would be liable to Corsair for any payments it made to EFS on those accounts after it was notified.  *Id*.

Corsair seeks leave to add a fifth count claiming damages, interest, attorneys' fees, and costs for AJD's liability under U.C.C. § 9-406(a).

---

[1] Section 9-406(a) provides in part:
an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee.  After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.
U.C.C. § 9-406(a).

II.  Discussion

A.  Standard of Review

Under Rule 15(a), after a responsive pleading has been served by the adverse party, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted).  "Delay alone is an insufficient reason to deny leave to amend. . . . Rather, the delay must be accompanied by prejudice, bad faith, or futility."  *Id*.

B. Analysis

There is no opposition by the Defendants, and the Court sees no indication of Corsair's bad faith, or that granting leave to amend would be futile or prejudicial to any party.  Accordingly, Corsair's motion for leave to amend the Complaint will be granted.

III.  Conclusion

        For the reasons stated above, Corsair's motion will be

granted.




February 12, 2006                      _____/s/_____
Date                                   William D. Quarles, Jr.
                                       United States District Judge