```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
CORSAIR SPECIAL SITUATIONS
FUND, L.P.,                       *

     Plaintiff,                   *

v.                                *     CIVIL NO.: WDQ-06-2081

ENGINEERED FRAMING SYSTEMS,       *
INC., et al.,
                                  *
     Defendants.
                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Corsair Special Situations Fund, L.P. ("Corsair"), has sued Engineered Framing Systems, Inc. ("EFS") for breach of a loan agreement (Count I) and replevin of collateral (Count IV), John J. Hildreth and Marie Noelle Hildreth (the "Hildreths") for breach of a guaranty agreement (Counts II and III, respectively), and AJD Construction, Inc. ("AJD"), EFS's account debtor, for failure to make payments to Corsair after notification of Corsair's priority interest in EFS's accounts receivable, in violation of Uniform Commercial Code ("U.C.C.") § 9-406(a)[1] (Count V).

---

[1] Section 9-406(a) provides in part:
an account debtor on an account, chattel paper, or a payment

Pending are Corsair's unopposed motions for: (1) summary judgment against EFS and the Hildreths on Counts I, II and III; and (2) leave to amend its Amended Complaint to (a) include EFS Structures, Inc. ("EFS Structures") as a defendant to Count I, and (b) add a Count VI against EFS and EFS Structures for fraudulent conveyance under Maryland's Commercial Law Article §§ 15-204, 15-205, and 15-207.  For the following reasons, the motions will be granted.

I.  Background

On February 9, 2005, Corsair, a Delaware limited partnership, entered into a loan and security agreement with EFS, a Maryland corporation in the business of manufacturing and erecting building materials.  Pl.'s Mot. for Summ. J. Ex. A (the "Loan Agreement," cited *infra* as "LA") at 1.  On the same day the Hildreths--EFS's president and his wife--executed a guaranty agreement, in which they guaranteed EFS's obligations to Corsair

---

intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee.  After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.
U.C.C. § 9-406(a).

under the Loan Agreement and granted Corsair a mortgage on their home at 7811 Fieldstone Court, Ellicott City, Maryland. LA § 13.1(a)(xi); LA Ex. D. (the "Guaranty Agreement," cited *infra* as "GA," and with the Loan Agreement, the "Agreements") §§ 1, 13.

Under the Loan Agreement, Corsair agreed to initially lend EFS $3,250,000 to be repaid with 18% interest within four years. LA §§ 1, 2.1. The collateral for securing the loan includes all of EFS's current and after-acquired assets, including its accounts, equipment, inventory, and proceeds. LA § 1.

Upon execution of the Loan Agreement, Corsair provided the $3,250,000 to EFS. Pl.'s Mot. for Summ. J. Ex. B ¶ 5 (Aff. of Charles E. Cheever, cited *infra* as "Cheever Aff."). Under the terms of the Loan Agreement,[2] Corsair lent EFS an additional $909,981.46 pursuant to four written loan advance agreements executed in April, May, July, and August 2005. Cheever Aff. ¶ 9; Pl.'s Mot. for Summ. J. Ex. D (loan advance agreements and promissory notes). As permitted by Loan Agreement § 2.2, in lieu of paying a portion of the monthly interest due on the debt from February through November 2005, EFS signed ten additional promissory notes to Corsair totaling $155,432.69 in principal.

---

[2] The Loan Agreement states that "[a]t any time prior to the Maturity Date, Corsair may, at its discretion, agree to increase the size of the Loan by advancing to [EFS] additional amounts pursuant to the terms of this [Loan] Agreement." LA § 2.1.

*Id*. Ex. D.  The sum of EFS's principal debt to Corsair is $4,315,414.15.  Cheever Aff. ¶ 9.

In December 2005, EFS stopped making payments to Corsair. Cheever Aff. ¶ 13; Pl.'s Mot. for Summ. J. Ex. E (Aug. 15, 2006 Hr'g Tr., Test. of John J. Hildreth) at 52.

In an August 9, 2006 letter to the Hildreths, Corsair demanded that they satisfy their obligation under the Guaranty Agreement by paying EFS's outstanding debt to Corsair under the Loan Agreement.  *Id*. Ex. F.

On August 10, 2006, Corsair filed its original Complaint, claiming contract damages for EFS's default under the Loan Agreement and the Hildreths' refusal to perform under the Guaranty Agreement, and replevin of its collateral under the Loan Agreement.

On August 31, 2006, EFS and the Hildreths filed counterclaims for (1) undue control, (2) breach of fiduciary relationship, (3) fraud, (4) breach of implied duty of good faith and fair dealing, (5) tortious interference, (6) lender liability, and (7) fraud in the inducement, all of which were dismissed by the Court's December 21, 2006 Order.  Papers No. 28 (Defs.' Answer and Countercl.), 78 (Dec. 21, 2006 Order).

On February 12, 2007, with leave of the Court, Corsair filed an amended complaint to add a fifth count against AJD for

4

its alleged liability under U.C.C. § 9-406(a).  Papers No. 97 (Feb. 12, 2007 Order), 98 (Pl.'s Amended Complaint).

II.  Motion for Summary Judgment

Corsair has moved for summary judgment on its breach-of-contract claims against EFS (Count I), John J. Hildreth (Count II), and Marie Noelle Hildreth (Count III)  The deadline for opposing the motion has passed, and none of the Defendants has responded.   D. Md. R. 105.2.a.

II.A.  Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Only "facts that might affect the outcome of the suit under the governing law" are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the

5

truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.  The court must also view any inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257.  The mere existence of a "scintilla" of evidence is insufficient.  *Id.* at 252.  If the nonmoving party fails to show an essential element of his case on which he will bear the burden of proof at trial, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. 317, 323; Fed. R. Civ. P. 56(e).

II.B.  Choice of Law

"A federal court sitting in diversity must apply the choice-of-law rules from the forum state." *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) (*citing Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941).  Corsair's claims

6

arise out of a lender-borrower relationship created by contract. Maryland recognizes that "the parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract." *Kronovet v. Lipchin*, 288 Md. 30, 43 (1980). In this case, the Agreements contain nearly identical choice-of-law clauses providing that New York law shall apply to their "construction, interpretation, and enforcement." LA § 15; GA § 10.

II.C.  Breach of the Loan Agreement by EFS

II.C.1.  Law

"Under New York law, an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994).

II.C.2.  Analysis

Corsair has provided undisputed proof of the elements of its breach-of-contract claim against EFS. Corsair and EFS were parties to a contract, the Loan Agreement. LA. Under the terms of the agreement, Corsair performed its obligation by loaning $4,315,414.15 to EFS. Cheever Aff. ¶ 9.

7

Further, EFS has breached the Loan Agreement through multiple and ongoing defaults. Mr. Hildreth, the President of EFS, has admitted that EFS has not made a payment to Corsair since November 2005. *Id*. Ex. E at 52. Additionally, EFS failed to disburse $170,000 to pay payroll taxes upon receipt of the initial loan amount, as required by Schedule 2.1 of the Loan Agreement, and has failed to provide Corsair with monthly and annual financial documents as required under Loan Agreement § 5.1. Cheever Aff. ¶¶ 7-8, 12. EFS's failure to pay and perform obligations under the Loan Agreement are events of default, as defined by Loan Agreement §§ 7.1 and 7.3; and, upon such, Corsair is entitled to declare all of EFS's obligations immediately due and thereafter charge the Default Rate of Interest, 22% per annum. LA §§ 1, 8.1(a).

As for damages, Corsair's Managing Member, Charles E. Cheever, attests to unpaid principal and interest as of April 23, 2007 of $5,642,884.76, with interest continuing to accrue at the rate of $2,637.20 per day. Cheever Aff. ¶ 13.

Accordingly, as the material elements of proof required for Corsair's breach-of-contract claim against EFS are established and undisputed, summary judgment will be granted for Corsair on

8

Count I against EFS.[3]

II.D.  Breach of the Guaranty Agreement by the Hildreths

II.D.1.  Law

"Under New York law, guaranties are governed by the rules of contracts," and "a prima facie case of default on a guaranty is made out by proof of a valid guaranty and proof of the defendant's failure, despite proper demand, to make payment." *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y., 2000)

II.D.2  Analysis

Corsair has proffered the Guaranty Agreement, under which the Hildreths unconditionally guaranty the due and punctual payment of all principal and interest and performance of all covenants by EFS under the Loan Agreement.  GA § 1.  A proper demand for the Hildreths' performance was made on August 9, 2006, and payment has not been made.  Pl.'s Mot. for Summ. J. Ex. F; Cheever Aff. ¶ 14.  As the facts establishing the Hildreths' breach of the Guaranty Agreement are not in dispute,

---

[3] As the Court will grant Corsair's motion to file a second amended complaint, which will add EFS Structures as a defendant to Count I, Count I will remain.

summary judgment will be granted for Corsair on Counts II and III.

III. Motion for Leave to Amend

Corsair seeks leave to file a second amended complaint to: (1) include EFS Structures, as EFS's successor-in-interest, as a defendant to Count I; and (2) add a Count VI against EFS and EFS Structures for fraudulent conveyance under Maryland's Commercial Law Article §§ 15-204, 15-205, and 15-207.[4]

The Court's deadline for joinder and amendment of pleadings

---

[4] Section 15-204 provides:
> Every conveyance made and every obligation incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration.

Md. Code Ann., Comm. Law § 15-204.
Section 15-205 provides:
> Every conveyance made without fair consideration when the person who makes it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and other persons who become creditors during the continuance of the business or transaction without regard to his actual intent.

Md. Code Ann., Comm. Law § 15-205.
Section 15-207 provides:
> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors.

Md. Code Ann., Comm. Law § 15-207.

in this case passed on October 23, 2006.  Paper No. 38 (Sept. 7, 2006 Scheduling Order).

III.A.  Standard of Review

When a motion to amend is filed past the deadline set in a scheduling order, a moving party must first satisfy the good cause requirement for modification of the order under Federal Rule of Civil Procedure 16(b); if the party satisfies Rule 16(b), it must then meet the standard for amendment under Rule 15(a).  *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp 2d 618, 631 (D. Md. 2003); *see also S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (*citing Parker v. Columbia Pictures Industries*, 204 F.3d 326, 342 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

III.A.1.  Modification of the Scheduling Order

Under Rule 16(b), "[a] schedule shall not be modified except upon showing of good cause and by leave of the district

11

judge." Although "the requirements of the pretrial order are not set in stone, . . . the terms of the order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 954-55 (4th Cir. 1984) (*quoting* Fed. R. Civ. P. 1). To show good cause, the moving party must demonstrate its diligence in trying to meet the order's requirements. *E.g. Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Odyssey Travel Center, Inc.*, 262 F. Supp 2d at 632.

III.A.2.  Amendment of Pleadings

Under Rule 15(a), after a responsive pleading has been served by the adverse party, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The law is well settled that leave to amend a pleading should be denied *only when* the

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). "Delay alone is an insufficient reason to deny leave to amend. . . . Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.*

III.B. Analysis

Corsair argues that, on December 7, 2006, it propounded written interrogatories upon Mr. Hildreth that specifically requested the name, address, and telephone numbers of his current and former employers, job titles, and a description of his duties; but, Mr. Hildreth has yet to answer the interrogatories, despite the Court's March 3, 2007 Order compelling him to do so.  Paper No. 104.

Corsair alleges that it discovered the existence of EFS Structures from Mr. Hildreth's April 2, 2007 deposition. Pl.'s Mem. in Supp. of Mot. for Leave to File Second Am. Compl. 2. Corsair further alleges that: (1) EFS Structures is a New Jersey Corporation formed on April 24, 2006 by Mr. Hildreth's uncle, Robert Condon, while Condon was employed by EFS; (2) EFS Structures's mailing address is at a UPS store that rents

13

mailboxes in Edgewater, New Jersey; (3) EFS Structures's resident agent is Tobia & Sorger Esqs., LLC, the law firm representing EFS and the Hildreths in this case; (4) EFS Structures is performing the same work previously performed by EFS, and is using EFS's facility in Curtis Bay, Maryland, EFS's management staff, and EFS's shop workers; and (5) Mr. Hildreth is employed as EFS Structures's general manager. *Id*. at 2-4.

Corsair's early efforts to obtain the information eventually divulged by Mr. Hildreth in his deposition, and its prompt investigation of EFS Structures and filing of its motion for leave to amend, demonstrate the requisite diligence for good cause to modify the Court's Scheduling Order under Rule 16(b). As no party has sought to oppose Corsair's motion, and there is no indication of prejudice, bad faith or futility, the motion for leave to amend will thus be granted under Rule 15(a).

IV. Conclusion

For the reasons stated above, Corsair's motions for summary judgment and leave to amend will be granted.

| | |
|---|---|
| _June 6, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr.<br>United States District Judge |